■ DOROTA BORAWSKI, Appellant, v OVADIA ABULAFIA et al., Respondents. [33 NYS3d 412]—

In an action, inter alia, to recover damages for unlawful retaliation in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated May 19, 2014, which granted the defendants' motion for summary judgment dismissing the cause of action alleging unlawful retaliation in violation of Executive Law § 296.

Ordered that the order is affirmed, with costs.

The plaintiff, who is an obstetrician and gynecologist formerly employed by the defendant SUNY Downstate Medical Center (hereinafter SUNY Downstate), commenced this action against SUNY Downstate and one of its employees, Ovadia Abulafia. In her complaint, the plaintiff alleged, among other things, that the defendants unlawfully retaliated against her in violation of Executive Law § 296 for filing a complaint with the New York State Division of Human Rights (hereinafter the SDHR), in which she complained that the defendants terminated her fellowship training program after she raised concerns about long work hours and patient safety. After joinder of issue and discovery, the defendants moved for summary judgment dismissing the cause of action alleging unlawful retaliation in violation of Executive Law § 296. The Supreme Court granted the motion, and the plaintiff appeals.

Contrary to the plaintiff's contention, the legal argument made by the defendants' counsel in support of a prior motion does not constitute a judicial admission (*see Lipco Elec. Corp. v ASG Consulting Corp.*, 117 AD3d 688, 689 [2014]; *Naughton v City of New York*, 94 AD3d 1, 12 [2012]; *Rahman v Smith*, 40 AD3d 613, 614-615 [2007]). Moreover, the law of the case doctrine is inapplicable where, as here, a summary judgment

motion follows a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action (*see 191 Chrystie LLC v Ledoux*, 82 AD3d 681, 682 [2011]; *Bernard v Grenci*, 48 AD3d 722, 724 [2008]; *Thompson v Lamprecht Transp.*, 39 AD3d 846, 847 [2007]; *State of New York v Barclays Bank of N.Y.*, 151 AD2d 19, 20-21 [1989], *affd* 76 NY2d 533 [1990]). In any event, this Court is not bound by the prior determination of the Supreme Court (*see Brown-Jodoin v Pirrotti*, 138 AD3d 661 [2016]; *Debcon Fin. Servs., Inc. v 83-17 Broadway Corp.*, 126 AD3d 752, 754 [2015]; *Hothan v Mercy Med. Ctr.*, 105 AD3d 905, 905 [2013]).

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the cause of action alleging unlawful retaliation. To make a prima facie showing of retaliation under Executive Law § 296, "a plaintiff must show that: (1) he or she participated in a protected activity, (2) the employer was aware of his or her participation in that activity, (3) the employer took an adverse employment action, and (4) there was a causal connection between the protected activity and the adverse employment action" (*Ruane-Wilkens v Board of Educ. of City of N.Y.*, 56 AD3d 648, 649 [2008]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]; *Clarson v City of Long Beach*, 132 AD3d 799, 800 [2015]; *Adeniran v State of New York*, 106 AD3d 844, 844 [2013]). "An employee engages in a 'protected activity' by 'opposing or complaining about unlawful discrimination' " (*Clarson v City of Long Beach*, 132 AD3d at 800, quoting *Forrest v Jewish Guild for the Blind*, 3 NY3d at 313; *see* Executive Law § 296 [1] [e]; [7]).

Here, the defendants met their initial burden of demonstrating that the plaintiff could not make out a prima facie case of retaliation by showing that the complaint filed by the plaintiff with the SDHR did not relate to discriminatory practices prohibited under the Executive Law, and that she, therefore, had not engaged in a protected activity (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 313; *Clarson v City of Long Beach*, 132 AD3d at 800; *Adeniran v State of New York*, 106 AD3d at 845; *Dodd v Middletown Lodge [Elks Club] No. 1097*, 264 AD2d 706, 707-708 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the cause of action alleging unlawful retaliation in violation of Executive Law § 296 (*see Adeniran v State of New York*, 106 AD3d at 845). Rivera, J.P., Austin, Roman and Cohen, JJ., concur.