■ PATRICIA LANGTON, Appellant, v WARWICK VALLEY CENTRAL SCHOOL DISTRICT et al., Respondents. [41 NYS3d 257]—

In an action to recover damages for unlawful retaliation and employment discrimination on the basis of sex in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated September 30, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a physical education teacher employed by the defendant Warwick Valley Central School District (hereinafter the District), commenced this action to recover damages for un-

lawful retaliation and employment discrimination on the basis of sex in violation of Executive Law § 296. After discovery, the defendants moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court granted the defendants' motion on the ground that the District and its employees were not amenable to suit under Executive Law § 296 (3).

The plaintiff appeals. The defendants concede that the basis for the Supreme Court's determination was incorrect, but argue that the order granting summary judgment should nevertheless be affirmed on different grounds (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]). For the reasons that follow, we agree with the defendants and affirm.

To make out a claim for unlawful retaliation under state or federal law, a plaintiff must show that (1) he or she has engaged in protected activity, (2) the employer was aware that the plaintiff participated in such activity, (3) the plaintiff suffered an adverse employment action based upon his or her activity, and (4) there is a causal connection between the protected activity and the adverse action (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]; *see also Borawski v Abulafia*, 140 AD3d 817 [2016]; *Calhoun v County of Herkimer*, 114 AD3d 1304, 1306 [2014]). "To establish its entitlement to summary judgment in a retaliation case, a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (*Delrio v City of New York*, 91 AD3d 900, 901 [2012]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d at 313-314; *Calhoun v County of Herkimer*, 114 AD3d at 1306).

Here, the defendants met their initial burden of demonstrating that the plaintiff could not make out a prima facie case of retaliation by showing that the challenged actions were not causally connected to any protected activity by the plaintiff (*see Cotterell v State of New York*, 129 AD3d 653, 655 [2015]; *cf. Krebaum v Capital One, N.A.*, 138 AD3d 528, 528-529 [2016]). In opposition, the plaintiff failed to submit sufficient evidence from which a causal connection could be found between any protected activity in which she engaged and any adverse employment action (*see Cotterell v State of New York*, 129 AD3d at 655).

Turning to the plaintiff's cause of action alleging employment discrimination, "[a] plaintiff alleging discrimination in

employment has the initial burden to establish . . . (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (*id.* at 654; *see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305). The burden then shifts to the employer "to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision" (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 305 [internal quotation marks omitted]). To prevail on a motion for summary judgment in a discriminatory employment action, a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for the challenged actions, the absence of a triable issue of fact as to whether the explanations were pretextual (*see id.*; *Cotterell v State of New York*, 129 AD3d at 654). Here, the defendants met their prima facie burden by offering legitimate, nondiscriminatory reasons for the challenged actions and demonstrating the absence of material issues of fact as to whether their explanations were pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305; *see also Matter of Russo v New York State Div. of Human Rights*, 137 AD3d 1600, 1601 [2016]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Mendelsohn v New York Racing Assn., Inc.*, 134 AD3d 914, 915 [2015]; *Singh v Covenant Aviation Sec., LLC*, 131 AD3d 1158, 1159-1160 [2015]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.