Reichman v City of New York (2020 NY Slip Op 00631)





Reichman v City of New York


2020 NY Slip Op 00631


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-03043
 (Index No. 8141/12)

[*1]James Reichman, appellant, 
v
City of New York, et al., respondents, et al., defendants.


The Cochran Firm (Norman A. Olch, New York, NY, of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Barbara Graves-Poller of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of religion and unlawful retaliation in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 19, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendants City of New York, the Fire Department of the City of New York, Thomas Fee, James Earl, Stephen Geraghty, Anthony Tedeschi, and Donald Hayde which were for summary judgment dismissing the causes of action alleging employment discrimination and unlawful retaliation insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, who self-identifies as Jewish, is a firefighter employed by the defendant Fire Department of the City of New York (hereinafter the Fire Department). In April 2011, a complaint was made on the plaintiff's behalf with the Equal Employment Office of the Fire Department, alleging discrimination on the basis of religion and unlawful retaliation. After an investigation, the Equal Employment Office determined that the plaintiff's allegations were unsubstantiated. In April 2012, the plaintiff commenced this action, inter alia, to recover damages for employment discrimination on the basis of religion and unlawful retaliation in violation of the New York State Human Rights Law (see Executive Law § 296 [hereinafter NYSHRL]) and the New York City Human Rights Law (see Administrative Code of City of NY § 8-107 [hereinafter NYCHRL]). The plaintiff alleged that the defendant Thomas Fee, a fellow firefighter, made an anti-Semitic remark, and that the plaintiff was subjected to numerous incidences of retaliation after he complained about it, including receiving an unfavorable performance evaluation and being transferred to another firehouse. The plaintiff further alleged, among other things, that his supervisors, the defendants James Earl, Stephen Geraghty, Anthony Tedeschi, and Donald Hayde, aided and abetted the discrimination and retaliation against him. After discovery, the defendants City of New York, the Fire Department, Thomas Fee, James Earl, Stephen Geraghty, Anthony Tedeschi, and Donald Hayde (hereinafter collectively the defendants) moved for summary judgment dismissing the amended complaint insofar as asserted against them. In an order entered January 19, 2016, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging employment discrimination and [*2]unlawful retaliation insofar as asserted against them. The plaintiff appeals.
NYSHRL and NYCHRL prohibit employment discrimination on the basis of religion and retaliation against an employee for opposing discriminatory practices (see Executive Law § 296[1], [7]; Administrative Code of City of NY § 8-107[1], [7]; see also Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313; Sanderson-Burgess v City of New York, 173 AD3d 1233; La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d 918, 920; Brightman v Prison Health Serv., Inc., 108 AD3d 739).
A plaintiff alleging discrimination in violation of NYSHRL must establish that (1) he or she is a member of a protected class, (2) he or she was qualified to hold the position, (3) he or she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d at 305; Furfero v St. John's Univ., 94 AD3d 695, 696). To prevail on a summary judgment motion in an action alleging discrimination in violation of NYSHRL, "a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for the challenged actions, the absence of a triable issue of fact as to whether the explanations were pretextual" (Langton v Warwick Val. Cent. Sch. Dist., 144 AD3d 867, 869; see Forrest v Jewish Guild for the Blind, 3 NY3d at 305; Radler v Catholic Health Sys. of Long Is., Inc., 144 AD3d 781). "An adverse employment action requires a materially adverse change in the terms and conditions of employment" (Forrest v Jewish Guild for the Blind, 3 NY3d at 306).
Here, the defendants demonstrated, prima facie, that the plaintiff did not suffer an adverse employment action within the meaning of NYSHRL and that, in any event, the plaintiff's unfavorable employment evaluation and subsequent transfer to another firehouse were motivated by legitimate, nondiscriminatory reasons and that there were no material issues of fact as to whether the defendants' explanations were pretextual (see Bull v Metropolitan Jewish Health Sys., Inc., 152 AD3d 639, 640; Langton v Warwick Val. Cent. Sch. Dist., 144 AD3d at 869; Moise v Uptown Communications & Elec., Inc., 134 AD3d 782, 783). In opposition, the plaintiff failed to raise a triable issue of fact.
In order to prevail on a claim of discrimination under the NYCHRL, a plaintiff must prove that unlawful discrimination was one of the motivating factors of the complained-of conduct (see Johnson v Department of Educ. of City of N.Y., 158 AD3d 744, 746; Melman v Montefiore Med. Ctr., 98 AD3d 107, 127). A defense motion for summary judgment in an action alleging discrimination in violation of the NYCHRL " must be analyzed under both the familiar framework of McDonnell Douglas Corp. v Green (411 US 792 [1973]) and under the newer mixed motive framework, which imposes a lesser burden on a plaintiff opposing such a motion'" (Sanderson-Burgess v City of New York, 173 AD3d at 1235, quoting Persaud v Walgreens Co., 161 AD3d 1019, 1020; see Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 72-73). " Summary judgment dismissing a claim under the NYCHRL should be granted only if no jury could find [the] defendant liable under any of the evidentiary routes—McDonnell Douglas, mixed motive, direct evidence, or some combination thereof'" (Sanderson-Burgess v City of New York, 173 AD3d at 1235, quoting Persaud v Walgreens Co., 161 AD3d at 1020). Here, the defendants demonstrated, prima facie, that there was no evidentiary route that could allow a jury to find that discrimination on the basis of religion played a role in their challenged actions (see Bull v Metropolitan Jewish Health Sys., Inc., 152 AD3d at 641; Moise v Uptown Communications & Elec., Inc., 134 AD3d at 783). In opposition, the plaintiff failed to raise a triable issue of fact.
A plaintiff claiming a hostile work environment animated by discrimination in violation of the NYSHRL must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment (see Forrest v Jewish Guild for the Blind, 3 NY3d at 310). To determine whether a hostile work environment exists, a court must consider all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it [*3]unreasonably interfered with an employee's work performance (see La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d at 919-920).
Under the NYCHRL, a plaintiff claiming a hostile work environment need only demonstrate that he or she was treated "less well than other employees" because of the relevant characteristic (Torres v New York, 2019 WL 1765223, *5, 2019 US Dist LEXIS 68168, *16 [SD NY, 18-Civ 3644 (LGS)] [internal quotation marks omitted]; see Nelson v HSBC Bank USA, 87 AD3d 995, 999). The conduct alleged must, however, exceed "what a reasonable victim of discrimination would consider petty slights and trivial inconveniences" (Williams v New York City Hous. Auth., 61 AD3d 62, 80 [internal quotation marks omitted]), and "mere personality conflicts" will not suffice to establish a hostile work environment (Forrest v Jewish Guild for the Blind, 3 NY3d at 309).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging the existence of a hostile work environment by demonstrating that the conduct and remarks which the plaintiff complained of were not so severe or pervasive as to permeate the workplace and alter the conditions of the plaintiff's employment (see Forrest v Jewish Guild for the Blind, 3 NY3d at 311; Clarke v Metropolitan Transp. Auth., 151 AD3d 692, 694; La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d at 920), and that the plaintiff was not treated less well than other employees because of his religion (see generally Mejia v T.N. 888 Eighth Ave. LLC Co., 169 AD3d 613, 613; Sotomayor v City of New York, 862 F Supp 2d 226, 261 [ED NY], affd 713 F3d 163 [2d Cir 2013]). In opposition, the plaintiff failed to raise a triable issue of fact.
Turning to the plaintiff's causes of action alleging unlawful retaliation, a plaintiff alleging retaliation in violation of NYSHRL must show that (1) he or she engaged in a protected activity by opposing conduct prohibited thereunder; (2) the defendant was aware of that activity; (3) he or she suffered an adverse action based upon his or her activity; and (4) there was a causal connection between the protected activity and the adverse action (see Keceli v Yonkers Racing Corp., 155 AD3d 1014, 1016; La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d at 920). "In the context of a case of unlawful retaliation, an adverse employment action is one which might have dissuaded a reasonable worker from making or supporting a charge of discrimination" (Keceli v Yonkers Racing Corp., 155 AD3d at 1016). "The anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm" (Burlington Northern & Santa Fe Ry. Co. v White, 548 US 53, 67).
The NYCHRL offers retaliation victims, like discrimination victims, broader protection than its NYSHRL counterpart (see Albunio v City of New York, 16 NY3d 472, 477-478; Brightman v Prison Health Serv., Inc., 108 AD3d at 740). " [T]o make out an unlawful retaliation claim under the NYCHRL, a plaintiff must show that (1) he or she engaged in a protected activity as that term is defined under the NYCHRL, (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct'" (Sanderson-Burgess v City of New York, 173 AD3d at 1235-1236, quoting Brightman v Prison Health Serv., Inc., 108 AD3d at 740). Here, the defendants concede that the Supreme Court analyzed the plaintiff's NYCHRL retaliation claim under an incorrect legal standard, but argue that the claim fails even under the NYCHRL more expansive framework. We agree.
"To establish its entitlement to summary judgment in a retaliation case [under either NYSHRL or NYCHRL], a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (Delrio v City of New York, 91 AD3d 900, 901; see Forrest v Jewish Guild for the Blind, 3 NY3d at 305; Keceli v Yonkers Racing Corp., 155 AD3d at 1016; La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d at 920-921). Where a defendant produces "evidence that justifies [his or her] allegedly retaliatory conduct on permissible grounds . . . [t]he plaintiff must either counter the defendant's evidence by producing evidence that the reasons put forth by the defendant were merely [*4]a pretext, or show that, regardless of any legitimate motivations the defendant may have had, the defendant was motivated at least in part by an impermissible motive" (Brightman v Prison Health Serv., Inc., 108 AD3d at 741; see Delrio v City of New York, 91 AD3d at 902).
Here, the defendants demonstrated, prima facie, that the plaintiff did not suffer an adverse employment action based upon his engagement in a protected activity (see Lambert v Macy's E., Inc., 84 AD3d 744, 746), and that they did not engage in conduct that was reasonably likely to deter a person from engaging in protected activity. In any event, the defendants met their prima facie burden by establishing that there is no causal connection between the protected activity and the alleged retaliatory actions (see Sandersson-Burgess v City of New York, 173 AD3d at 1233; Keceli v Yonkers Racing Corp., 155 AD3d at 1016; Brightman v Prison Health Serv., Inc., 108 AD3d at 742), and that the alleged retaliatory actions, such as the unfavorable performance evaluation and transfer to another firehouse, were motivated by legitimate, nonretaliatory reasons. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging employment discrimination on the basis of religion and unlawful retaliation insofar as asserted against them.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court