Lefort v Kingsbrook Jewish Med. Ctr. (2022 NY Slip Op 01294)





Lefort v Kingsbrook Jewish Med. Ctr.


2022 NY Slip Op 01294


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-08796
 (Index No. 505520/14)

[*1]Claudia Lefort, appellant, 
v
Kingsbrook Jewish Medical Center, respondent, et al., defendants.


Bantle & Levy LLP, New York, NY (Lee F. Bantle and Sherie N. Buell of counsel), for appellant.
Kelley Drye & Warren LLP, New York, NY (Barbara E. Hoey of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of gender in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated June 20, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendant Kingsbrook Jewish Medical Center which were for summary judgment dismissing the causes of action alleging employment discrimination insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Kingsbrook Jewish Medical Center which were for summary judgment dismissing the causes of action alleging employment discrimination insofar as asserted against it are denied.
In 2006, the plaintiff started working for the Kingsbrook Jewish Medical Center (hereinafter the defendant) as a community access coordinator (hereinafter CAC). In December 2012, the plaintiff requested maternity leave, which was approved by the defendant. In early 2013, the plaintiff began reporting to a new supervisor, Delicia Segree, who allegedly made disparaging comments about the plaintiff's pregnancy and planned maternity leave. On March 6, 2013, the plaintiff began maternity leave. On June 25, 2013, the plaintiff's first day back from maternity leave, she was informed that her employment was terminated due to the elimination of her position as a CAC.
In June 2014, the plaintiff commenced this action, inter alia, to recover damages for employment discrimination on the basis of gender in violation of the New York State Human Rights Law (Executive Law § 296; hereinafter NYSHRL) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107; hereinafter NYCHRL). Thereafter, the defendant moved for summary judgment dismissing the complaint. In a supporting affidavit, Harold McDonald, the defendant's former chief operating officer, averred that he decided to replace the CAC position with a new title of community relations manager (hereinafter CRM). McDonald [*2]attested that the plaintiff "had no business education or sales or marketing experience," and thus, he decided the plaintiff was not qualified for the CRM position and that her employment should be terminated.
In an order dated June 20, 2019, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging employment discrimination insofar as asserted against it. The plaintiff appeals.
Both the NYSHRL and NYCHRL make it unlawful for an employer to discriminate against an individual or to discharge such a person from employment on the basis of the individual's gender (see Executive Law § 296[1][a]; Administrative Code § 8-107[1][a][3]; Golston-Green v City of New York, 184 AD3d 24, 34). "Discrimination on the basis of pregnancy is a form of gender discrimination" (Golston-Green v City of New York, 184 AD3d at 34).
"A plaintiff alleging discrimination in violation of NYSHRL must establish that (1) he or she is a member of a protected class, (2) he or she was qualified to hold the position, (3) he or she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination" (Reichman v City of New York, 179 AD3d 1115, 1116-1117; see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313). "To prevail on a summary judgment motion in an action alleging discrimination in violation of NYSHRL, 'a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for the challenged actions, the absence of triable issue[s] of fact as to whether the explanations were pretextual'" (Reichman v City of New York, 179 AD3d at 1117, quoting Langton v Warwick Val. Cent. Sch. Dist., 144 AD3d 867, 869).
Contrary to the defendant's contention, it failed to establish, prima facie, that the plaintiff did not suffer an adverse employment action. "An adverse employment action requires a materially adverse change in the terms and conditions of employment" (Forrest v Jewish Guild for the Blind, 3 NY3d at 306). "Such change must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities,' such as 'a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities'" (Golston-Green v City of New York, 184 AD3d at 37, quoting Forrest v Jewish Guild for the Blind, 3 NY3d at 306 [internal quotation marks omitted]). Here, the defendant presented evidence that several days after the termination of the plaintiff's employment, the defendant offered her a temporary social worker position for the same salary. However, the defendant failed to eliminate triable issues of fact as to whether the position offered to the plaintiff involved a materially adverse change in the terms of her employment, since the social worker position did not involve any of the management responsibilities that the plaintiff had performed as a CAC (see Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1001).
To the extent the defendant argues that the adverse action did not occur under circumstances giving rise to an inference of discrimination, the record revealed the existence of triable issues of fact as to that issue. Viewing the evidence in the light most favorable to the plaintiff (see Buckshaw v Oliver, 197 AD3d 691), we find that there were triable issues of fact as to whether the plaintiff's supervisor, Segree, made remarks indicative of a discriminatory motive to terminate the plaintiff's employment (see Rollins v Fencers Club, Inc., 128 AD3d 401, 401-402). While the defendant argued that Segree had no involvement in the decision to terminate the plaintiff's employment, the record contained evidence that on June 20, 2013, McDonald requested to meet with Segree to discuss the plaintiff's return from maternity leave , and that Segree was present during the meeting when the plaintiff's employment was terminated. Further, the defendant's contention that McDonald was unaware of the plaintiff's maternity leave is without merit, as McDonald acknowledged in his affidavit in support of the defendant's motion that he was informed that the plaintiff was on leave prior to the termination of her employment (cf. Tibbetts v Pelham Union Free Sch. Dist., 143 AD3d 806, 808).
Contrary to the defendant's contention, it also failed to eliminate triable issues of fact as to whether the proffered explanation for terminating the plaintiff's employment was a pretext for [*3]discrimination (see La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d 918, 921). Although McDonald averred that the plaintiff's employment was terminated because she had no business education and no sales or marketing experience, he acknowledged that a business education was not required. Further, the plaintiff's 2012 employee evaluation, submitted by the defendant in support of its motion, indicated that the plaintiff had satisfactorily performed, inter alia, various responsibilities of the CAC position pertaining directly to marketing.
Moreover, the defendant's submissions raised triable issues of fact as to whether the responsibilities of the CAC and CRM positions were essentially identical. Those submissions included a letter showing that the defendant ultimately offered the plaintiff the position of CRM in October 2014 after the commencement of this action. Significantly, that letter stated that the CRM position was "virtually identical" to the plaintiff's prior position as a CAC. To the extent the defendant argues that the October 2014 letter was an offer to settle the plaintiff's claims against the defendant, and thus, was inadmissible as proof of liability pursuant to CPLR 4547, the defendant's contention is without merit, since John McKeon, the defendant's former vice president of human resources, averred, in his affidavit in support of the defendant's motion, that the October 2014 job offer was not conditioned on the dismissal of the plaintiff's pending claims against the defendant.
Furthermore, "[t]he NYCHRL is construed 'broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible'" (Williams v New York City Tr. Auth., 171 AD3d 990, 992, quoting Albunio v City of New York, 16 NY3d 472, 477-478). "Under the NYCHRL, unlawful discrimination must play 'no role' in an employment decision" (Ellison v Chartis Claims, Inc., 178 AD3d 665, 668, quoting Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1161). "A defendant must make 'a prima facie showing that there is no evidentiary route that could allow a jury to believe that discrimination played a role in their challenged actions'" (Ellison v Chartis Claims, Inc., 178 AD3d at 668, quoting Cenzon-Decarlo v Mount Sinai Hosp., 101 AD3d 924, 927). Here, based on the same reasoning applicable to the plaintiff's claims under the NYSHRL, the defendant failed to establish, prima facie, that there was no evidentiary route that could enable a jury to believe that discrimination played a role in the decision to terminate the plaintiff's employment.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging employment discrimination insofar as asserted against it.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court