Shapiro v State of New York (2023 NY Slip Op 03030)

Shapiro v State of New York

2023 NY Slip Op 03030

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-01368
 (Index No. 602678/14)

[*1]Leonard R. Shapiro, appellant, 
v
State of New York, et al., respondents.

Leeds Brown Law, P.C., Carle Place, NY (Rick Ostrove and Brandon Okano of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Blair J. Greenwald of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of age in violation of the New York State Human Rights Law and 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered November 21, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, who was born in August 1946, has been employed as an Administrative Law Judge for the New York State Unemployment Insurance Appeal Board (hereinafter the UIAB) under various titles since 1975, and has been in the UIAB's Garden City office since 2003. During the relevant time period, the defendant Jayson S. Myers was the Chief Judge of the UIAB and the defendants Teresa A. DeMeo and Matthew J. Tierney were Principal Administrative Law Judges of the UIAB. The plaintiff commenced this action in June 2014, asserting causes of action, inter alia, alleging age discrimination and retaliation in violation of the New York State Human Rights Law (see Executive Law § 296 [hereinafter the NYSHRL]), violation of his constitutional rights pursuant to 42 USC § 1983 to equal protection as a result of age discrimination, and that the individual defendants aided and abetted each other in the alleged discrimination and retaliation. The plaintiff alleged that the defendants engaged in adverse employment actions consisting of issuing him three counseling memoranda and an action plan; assigning him a disproportionately heavy workload; temporarily removing his supervisory duties; and declining to consider him as a candidate for a new senior Administrative Law Judge position in the UIAB office where he was employed. After discovery, the defendants moved for summary judgment dismissing the complaint. In an order entered November 21, 2019, the Supreme Court granted the motion. This appeal ensued.
The NYSHRL prohibits employment discrimination on the basis of age and retaliation against an employee for opposing discriminatory practices, as well as the aiding and abetting of any such discriminatory act (see Executive Law § 296[1], [6], [7]).
A plaintiff alleging discrimination in violation of the NYSHRL must establish that [*2](1) he or she is a member of a protected class, (2) he or she was qualified to hold the position, (3) he or she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination (see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 6 NY3d 265, 270; Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305). To prevail on a motion for summary judgment in an action alleging discrimination in violation of the NYSHRL, a defendant "must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (Forrest v Jewish Guild for the Blind, 3 NY3d at 305; see Golston-Green v City of New York, 184 AD3d 24, 36). At the time this action was commenced, under the NYSHRL, to be actionable, the adverse employment action had to be "a materially adverse change in the terms and conditions of employment" (Forrest v Jewish Guild for the Blind, 3 NY3d at 306; cf. Executive Law § 300; Golston-Green v City of New York, 184 AD3d at 34-40).
Here, the defendants demonstrated, prima facie, that the plaintiff did not suffer an adverse employment action within the meaning of the NYSHRL (see Forrest v Jewish Guild for the Blind, 3 NY3d at 307; Golston-Green v City of New York, 184 AD3d at 37; Furfero v St. John's Univ., 94 AD3d 695, 698). In opposition, the plaintiff failed to raise a triable issue of fact (see Johnson v NYU Hosps. Ctr., 39 AD3d 817, 818).
At the time the plaintiff commenced this action, in order to establish a cause of action alleging unlawful retaliation, the "plaintiff [had to] show that (1) [he or] she has engaged in protected activity, (2) [his or] her employer was aware that [he or] she participated in such activity, (3) [he or] she suffered an adverse employment action based upon [his or] her activity, and (4) there is a causal connection between the protected activity and the adverse action" (Forrest v Jewish Guild for the Blind, 3 NY3d at 313; cf. Executive Law § 300; Golston-Green v City of New York, 184 AD3d at 38). In the context of a case of unlawful retaliation, an adverse employment action is one which might have dissuaded a reasonable worker from making or supporting a charge of discrimination (see Burlington N. & S.F.R. Co. v White, 548 US 53, 68). "To establish its entitlement to summary judgment in a retaliation case, a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (Delrio v City of New York, 91 AD3d 900, 901; see Forrest v Jewish Guild for the Blind, 3 NY3d at 312-314; Langton v Warwick Val. Cent. Sch. Dist., 144 AD3d 867, 868).
Here, the defendants met their initial burden of demonstrating that the plaintiff could not make out a prima facie case of unlawful retaliation by showing that the challenged actions were not causally connected to any protected activity engaged in by the plaintiff (see Langton v Warwick Val. Cent. Sch. Dist., 144 AD3d at 868; Delrio v City of New York, 91 AD3d at 902). In opposition, the plaintiff failed to submit sufficient evidence from which a causal connection could be found between any protected activity in which he engaged and any adverse employment action (see Langton v Warwick Val. Cent. Sch. Dist., 144 AD3d at 868). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the unlawful retaliation cause of action.
Since the plaintiff has failed to raise a triable issue of material fact that he was either retaliated against or discriminated against because of his age, his claims that the defendants aided and abetted each other in any discrimination or retaliation cannot survive (see Forrest v Jewish Guild for the Blind, 3 NY3d at 314; Johnson v NYU Hosps. Ctr., 39 AD3d at 818).
The plaintiff's remaining contention is without merit.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court