Serrano v City of New York (2024 NY Slip Op 02156)

Serrano v City of New York

2024 NY Slip Op 02156

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Index No. 810438/22 Appeal No. 2095 Case No. 2023-05750 

[*1]Pedro Serrano et al., Plaintiffs-Appellants,
v
The City of New York et al., Defendants-Respondents.

Law Office of John A. Scola, PLLC, New York (John A. Scola of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danzinger, J.), entered on or about July 25, 2023, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the racial discrimination claims under the New York State and City Human Rights Laws and the hostile work environment claim under the New York City Human Rights Law insofar as asserted against defendants The City of New York and Christopher McCormack, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiffs' employment discrimination claims under the New York State and City Human Rights Laws and hostile work environment claim under the New York City Human Rights Law were improperly dismissed for failure to sufficiently allege discriminatory animus (see Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]; Reichman v City of New York, 179 AD3d 1115, 1118 [2d Dept 2020], lv denied 36 NY3d 904 [2021]). Although the comments of the now-dismissed defendants are not properly considered, and the sole remaining individual defendant is not alleged to have made any even arguably discriminatory statements, plaintiffs raised an inference of animus through their allegations of differential treatment of similarly situated white officers in terms of assignments, evaluations, and placement on performance monitoring. Plaintiffs sufficiently alleged that the white officers were similarly situated. The allegations of differential treatment were also sufficiently specific and factual in nature.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024