Diluglio v Liberty Mut. Group, Inc. (2024 NY Slip Op 04245)

Diluglio v Liberty Mut. Group, Inc.

2024 NY Slip Op 04245

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2021-04440
 (Index No. 616326/18)

[*1]Louis A. Diluglio, Jr., respondent, 
v
Liberty Mutual Group, Inc., etc., et al., appellants.

Ogletree, Deakins, Nash, Smoak & Stewart, LLC, New York, NY (Simone R. D. Francis of counsel), for appellants.
Herman & Beinin, Wantagh, NY (Mark D. Herman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for retaliation in violation of Executive Law § 296 and Labor Law § 215, the defendants appeal from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered May 18, 2021. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging retaliation in violation of Executive Law § 296 and Labor Law § 215 insofar as asserted against the defendant Liberty Mutual Group, Inc., the cause of action alleging assault, and the cause of action alleging vicarious liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging retaliation in violation of Executive Law § 296 and Labor Law § 215 insofar as asserted against the defendant Liberty Mutual Group, Inc., and the cause of action alleging vicarious liability, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.
The plaintiff was employed as an auto damage appraiser by the defendant Liberty Mutual Insurance Company (hereinafter Liberty Mutual), sued herein as Liberty Mutual Group, Inc. The defendant John Austin was his manager. In 2018, the plaintiff commenced this action, asserting causes of action to recover damages for retaliation in violation of the New York State Human Rights Law (see Executive Law § 296; hereinafter the NYSHRL) and Labor Law § 215. The plaintiff also asserted causes of action to recover damages for an alleged assault committed by Austin against him and alleging that Liberty Mutual was vicariously liable for Austin's tortious actions. The plaintiff alleged that the defendants retaliated against him after he complained about inappropriate comments made by Austin regarding female employees of auto body shops and "all women," and Austin's treatment of minority insurance claimants. In addition, the plaintiff alleged that Austin held a knife in front of his face after a business meeting and threatened to "cut [him]."
The defendants moved for summary judgment dismissing the complaint. In an order entered May 18, 2021, the Supreme Court, inter alia, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging retaliation in violation of the NYSHRL and Labor Law § 215 insofar as asserted against Liberty Mutual, the cause [*2]of action alleging assault, and the cause of action alleging vicarious liability. The defendants appeal.
Under the NYSHRL, "it is unlawful to retaliate against an employee because he or she opposed statutorily forbidden discriminatory practices" (Clarson v City of Long Beach, 132 AD3d 799, 800 [internal quotation marks omitted]; see Executive Law § 296[1][e]; [7]). At the time the plaintiff commenced this action, in order to establish a cause of action alleging unlawful retaliation in violation of the NYSHRL, a plaintiff had to "show that (1) [he or] she has engaged in protected activity, (2) [his or] her employer was aware that [he or] she participated in such activity, (3) [he or] she suffered an adverse employment action based upon [his or] her activity, and (4) there is a causal connection between the protected activity and the adverse action" (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 313; see Shapiro v State of New York, 217 AD3d 700, 702; Golston-Green v City of New York, 184 AD3d 24, 35 n 1). An employee engages in a "protected activity" by "opposing or complaining about unlawful discrimination" (Forrest v Jewish Guild for the Blind, 3 NY3d at 313; see Executive Law § 296[1][e]; [7]; Borawski v Abulafia, 140 AD3d 817, 818). Further, "[i]n the context of a case of unlawful retaliation, an adverse employment action is one which might have dissuaded a reasonable worker from making or supporting a charge of discrimination" (Shapiro v State of New York, 217 AD3d at 702; see Burlington N. & S.F.R. Co. v White, 548 US 53, 68). To establish its entitlement to summary judgment in a retaliation case under the NYSHRL, "a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (Shapiro v State of New York, 217 AD3d at 702 [internal quotation marks omitted]; see Reichman v City of NY, 179 AD3d 1115, 1119-1120).
Here, the defendants met their burden of demonstrating that the plaintiff could not make out a prima facie case of retaliation by establishing that the plaintiff's complaints about Austin did not relate to discriminatory practices prohibited under the NYSHRL, and that he therefore did not engage in a protected activity (see Borawski v Abulafia, 140 AD3d at 818; see also Wimmer v Suffolk County Police Dept., 176 F3d 125, 134-136 [2d Cir]; Kunzler v Canon, USA, Inc., 257 F Supp 2d 574, 581-583 [ED NY]). Moreover, the defendants established, prima facie, that the plaintiff did not suffer an adverse employment action based upon his activity (see Reichman v City of New York, 179 AD3d at 1120; Ragoo v New York City Taxi & Limousine Commn., 132 AD3d 562, 562; Chin v New York City Hous. Auth., 106 AD3d 443, 444). In opposition, the plaintiff failed to raise a triable issue of fact (see Cenzon-Decarlo v Mount Sinai Hosp., 101 AD3d 924, 927). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging retaliation in violation of the NYSHRL insofar as asserted against Liberty Mutual.
Under Labor Law § 215, it is unlawful to retaliate against an employee "because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner" (id. § 215[1][a][i]). "'[T]his chapter' refers to any provision of the Labor Law" (Grella v St. Francis Hosp., 149 AD3d 1046, 1049).
Here, the plaintiff's failure to identify any provision of the Labor Law or order issued by the Commissioner of Labor which he reasonably believed was violated by Austin's alleged wrongful behavior is fatal to the retaliation cause of action under Labor Law § 215 (see Grella v St. Francis Hosp., 149 AD3d at 1049). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging retaliation in violation of Labor Law § 215 insofar as asserted against Liberty Mutual.
"To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" (Kuznitz v Funk, 187 AD3d 1006, 1006 [internal quotation marks omitted]).
Here, the defendants failed to establish, prima facie, that Austin's physical conduct after the business meeting did not place the plaintiff in imminent apprehension of harmful contact [*3](see Butler v Magnet Sports & Entertainment Lounge, Inc., 135 AD3d 680, 681). Since the defendants failed to meet their prima facie burden, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the cause of action alleging assault, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Under the common-law doctrine of respondeat superior, an employer "may be held vicariously liable for torts, including intentional torts, committed by employees acting within the scope of their employment" (Rivera v State of New York, 34 NY3d 383, 389). "An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business" (Maldonado v Allum, 208 AD3d 470, 471 [internal quotation marks omitted]; see Ciccone v City of New York, 138 AD3d 910, 910). "Conversely, where an employee's actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment" (Maldonado v Allum, 208 AD3d at 471 [internal quotation marks omitted]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging vicarious liability by demonstrating that Austin's allegedly tortious conduct was not within the scope of his employment (see Rivera v State of New York, 34 NY3d at 390-391; Ciccone v City of New York, 138 AD3d at 911). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Austin was acting within the scope of his employment when he allegedly assaulted the plaintiff (see Ciccone v City of New York, 138 AD3d at 911). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging vicarious liability.
In light of the foregoing, we need not reach the defendants' remaining contention.
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court