Niemotko v Mount St. Mary Coll. (2025 NY Slip Op 04658)

Niemotko v Mount St. Mary Coll.

2025 NY Slip Op 04658

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-03171
 (Index No. 2325/19)

[*1]Tracey Niemotko, et al., appellants, 
v
Mount Saint Mary College, et al., respondents.

Sussman & Goldman, Goshen, NY (Jonathan R. Goldman of counsel), for appellants.
Seyfarth Shaw LLP, New York, NY (Dov Kesselman and Stacey Bentley of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of gender in violation of the New York State Human Rights Law, the plaintiffs appeal from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated April 11, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In March 2019, the plaintiffs, Tracey Niemotko, Moira Tolan, and Ilona McGuiness, commenced this action against the defendants, Mount Saint Mary College (hereinafter the College), David Kennett, Jason Adsit, and Michael Olivette, to recover damages for employment discrimination on the basis of gender, constructive discharge, and unlawful retaliation in violation of the New York State Human Rights Law (Executive Law § 296). The plaintiffs alleged, inter alia, that the College and Kennett constructively discharged McGuiness from her employment on the basis of her gender, that the College and Adsit discriminated against Niemotko and Tolan on the basis of their gender by dismissing them from their administrative positions within the College and depriving them of the stipends associated with those positions, and that the College and Adsit unlawfully retaliated against Niemotko by terminating her position as Chair of the College's School of Business and eliminating the associated stipend in retaliation for her complaint of gender discrimination.
The defendants subsequently moved for summary judgment dismissing the complaint. The plaintiffs opposed. In an order dated April 11, 2022, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
The New York State Human Rights Law (hereinafter the Human Rights Law) prohibits employment discrimination on the bases of gender identity or expression or sex, and retaliation against an employee for opposing discriminatory practices, as well as the aiding and abetting of any such discriminatory act (see id. § 296[1], [6], [7]).
At the time the plaintiffs commenced this action in March 2019, in order to establish [*2]a cause of action alleging unlawful gender discrimination in violation of the Human Rights Law, a plaintiff had the initial burden to establish that: "(1) he or she is a member of a protected class, (2) he or she was qualified to hold the position, (3) he or she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination" (Shapiro v State of New York, 217 AD3d 700, 701; see Langton v Warwick Val. Cent. Sch. Dist., 144 AD3d 867, 869).
To establish entitlement to summary judgment in a discrimination case under the Human Rights Law, "a defendant must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (Shapiro v State of New York, 217 AD3d at 701 [internal quotation marks omitted]; see Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1004).
"'An adverse employment action requires a materially adverse change in the terms and conditions of employment'" (Lefort v Kingsbrook Jewish Med. Ctr., 203 AD3d 708, 710, quoting Forrest v Jewish Guild for the Blind, 3 NY3d 295, 306). A materially adverse change must be "more disruptive than a mere inconvenience or an alteration of job responsibilities" (Forrest v Jewish Guild for the Blind, 3 NY3d at 306 [internal quotation marks omitted]; see Lefort v Kingsbrook Jewish Med. Ctr., 203 AD3d at 710). "A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation" (Forrest v Jewish Guild for the Blind, 3 NY3d at 306 [internal quotation marks omitted]; see Lefort v Kingsbrook Jewish Med. Ctr., 203 AD3d at 710).
Here, although Niemotko and Tolan met their initial burden of establishing a cause of action alleging unlawful gender discrimination in violation of the Human Rights Law, on that branch of the defendants' motion which was for summary judgment dismissing this cause of action, the defendants satisfied their prima facie burden by demonstrating that there was a nondiscriminatory reason for discontinuing the monetary stipends that Niemotko and Tolan received (see Reichman v City of New York, 179 AD3d 1115, 1117-1118; Ellison v Chartis Claims, Inc., 178 AD3d 665, 668-669). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants' reason for discontinuing those stipends was a pretext for gender discrimination (see Grella v St. Francis Hosp., 149 AD3d 1046, 1049; Langton v Warwick Val. Cent. Sch. Dist., 144 AD3d at 869). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action asserted by Niemotko and Tolan alleging gender discrimination in violation of the Human Rights Law.
In order to establish a cause of action alleging unlawful retaliation in violation of the Human Rights Law, a "'plaintiff must show that (1) she [or he] has engaged in protected activity, (2) her [or his] employer was aware that she [or he] participated in such activity, (3) she [or he] suffered an adverse employment action based upon her [or his] activity, and (4) there is a causal connection between the protected activity and the adverse action'" (Keceli v Yonkers Racing Corp., 155 AD3d 1014, 1016, quoting Forrest v Jewish Guild for the Blind, 3 NY3d at 312-313; see Shapiro v State of New York, 217 AD3d at 702). "In the context of a case of unlawful retaliation, an adverse employment action is one which might have dissuaded a reasonable worker from making or supporting a charge of discrimination" (Shapiro v State of New York, 217 AD3d at 702; see Bilitch v New York City Health & Hosps. Corp., 194 AD3d at 1004).
To establish its entitlement to summary judgment in an unlawful retaliation case under the Human Rights Law, "a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (Shapiro v State of New York, 217 AD3d at 702 [internal quotation marks omitted]; see Bilitch v New York City Health & Hosps. Corp., 194 AD3d at 1004). The burden then shifts to the plaintiff to produce evidence demonstrating that the reasons put forth by [*3]the defendant were merely a pretext or that regardless of any legitimate motivations the defendant may have had, the defendant was motivated at least in part by an impermissible motive (see Bilitch v New York City Health & Hosps. Corp., 194 AD3d at 1004-1005; Reichman v City of New York, 179 AD3d at 1120).
Here, the defendants met their prima facie burden by offering legitimate, nonretaliatory reasons for the challenged actions, and the plaintiffs failed to raise a triable issue of fact as to whether the defendants' reasons were pretextual (see Reichman v City of New York, 179 AD3d at 1120; Brightman v Prison Health Serv., Inc., 108 AD3d 739, 741-742). The plaintiffs failed to provide evidence that the defendants' reasons were false and that gender discrimination was the real reason for their actions (see Bilitch v New York City Health & Hosps. Corp., 194 AD3d at 1002; Brightman v Prison Health Serv., Inc., 108 AD3d at 741). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action asserted by Niemotko alleging unlawful retaliation in violation of the Human Rights Law.
"A plaintiff claiming a hostile work environment animated by discrimination in violation of the [Human Rights Law] must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" (Reichman v City of New York, 179 AD3d at 1118; see Forrest v Jewish Guild for the Blind, 3 NY3d at 310). "To determine whether a hostile work environment exists, a court must consider all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance" (Reichman v City of New York, 179 AD3d at 1118; see Forrest v Jewish Guild for the Blind, 3 NY3d at 310-311).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action asserted by McGuiness alleging the existence of a hostile work environment by demonstrating that the conduct of which McGuiness complained was either not gender related or not severe or pervasive enough to create an objectively hostile or abusive work environment (see Forrest v Jewish Guild for the Blind, 3 NY3d at 311; Reichman v City of New York, 179 AD3d at 1118). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the alleged discriminatory conduct complained of was gender related or sufficiently severe or pervasive to constitute a hostile work environment under the Human Rights Law (see Reichman v City of New York, 179 AD3d at 1118-1119).
"'An employee is constructively discharged when her or his employer, rather than discharging the plaintiff directly, deliberately created working conditions so intolerable that a reasonable person in the plaintiff's position would have felt compelled to resign'" (Blackman v Metropolitan Tr. Auth., 206 AD3d 602, 604, quoting Golston-Green v City of New York, 184 AD3d 24, 44).
Here, the defendants established, prima facie, that they did not deliberately make working conditions so intolerable such that a reasonable person in McGuiness's position would feel compelled to resign (see Blackman v Metropolitan Tr. Auth., 206 AD3d at 604; Balsamo v Savin Corp., 61 AD3d 622, 623). In opposition, the plaintiffs failed to raise a triable issue of fact (see Nelson v HSBC Bank USA, 41 AD3d 445, 447; Thompson v Lamprecht Transp., 39 AD3d 846, 848).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action asserted by McGuiness alleging gender discrimination based on the creation of a hostile work environment and constructive discharge from employment.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court