Breiding v High Hopes Films, LLC

2026 NY Slip Op 02773

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Kathy Breiding, Plaintiff-Respondent,

v

High Hopes Films, LLC, et al., Defendants-Appellants.

Decided and Entered: May 05, 2026

Index No. 152385/23|Appeal No. 6515|Case No. 2025-05001|

Before: Webber, J.P., Moulton, Mendez, Higgitt, Michael, JJ.

Kevin J. Abruzzese, Great Neck, for appellants.

Goddard Law PLLC, New York (Clela A. Errington of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered August 9, 2025, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the hostile work environment, sex discrimination, and retaliation claims under the New York State Human Rights Law (NYSHRL) and New York City Human Rights Law (NYCHRL), unanimously modified, on the law, to grant defendants' motion for summary judgment dismissing the claims for hostile work environment and retaliation under the NYSHRL, and otherwise affirmed, without costs.

In 2009 and 2015, plaintiff played the wife of defendant Dennis Piliere in two independent films produced by Piliere and his company, defendant High Hopes Films LLC. Plaintiff commenced this action in 2023, alleging that Piliere engaged in unlawful discriminatory and retaliatory conduct against her after she objected to a scripted kiss while filming in 2015. The court properly found that plaintiff sufficiently demonstrated a "continuous practice and policy of discrimination" by Piliere to render her otherwise untimely Human Rights Law claims as timely (see Crawford v American Broadcasting Co., Inc., 216 AD3d 507, 507 [1st Dept 2023]; see also Williams v New York City Hous. Auth., 61 AD3d 62, 72-73, 80-81 [1st Dept 2009], lv denied 13 NY3d 702 [2009]). Piliere, among other things, continued to reference plaintiff's refusal to kiss him for years afterward, publicly embarrassed her at a film festival that she attended to promote the films, and sent her text messages explicitly invoking the refused kiss and criticizing her for it.

However, the court should have dismissed plaintiff's hostile work environment and retaliation claims under the pre-amendment New York State Human Rights Law (Executive Law § 296). The comments made by Piliere over the course of four years, while inappropriate and often coarse, were too sporadic to show that the workplace was permeated with discriminatory intimidation, ridicule, and insult (see Sedhom v SUNY Downstate Med. Ctr., 201 AD3d 536, 538 [1st Dept 2022]; see also Hernandez v Kaisman, 103 AD3d 106, 114 [1st Dept 2012]). While the hostile work environment claim does not survive under the NYSHRL, this does not dispose of the question under the NYCHRL of whether plaintiff was treated "less well" based on her gender, and thus, defendants' motion for summary judgment as to that claim was properly denied (see Hernandez, 103 AD3d at 114; see also Bond v New York City Health & Hosps. Corp., 215 AD3d 469, 469-470 [1st Dept 2023]).

[*2]

As for the retaliation claim, plaintiff's refusal to kiss Piliere while filming a movie in 2015 does not constitute "protected activity," because she admittedly refused to kiss him due to a "health concern" (see e.g. Campbell v New York City Dept. of Educ., 200 AD3d 488, 489 [1st Dept 2021]). While plaintiff's complaint of discrimination to the Screen Actors Guild constitutes protected activity, she cannot show that defendants thereafter took an adverse employment action against her within the meaning of the NYSHRL (see Shapiro v State of New York, 217 AD3d 700, 701 [2d Dept 2023]). However, under the NYCHRL, defendants' motion for summary judgment was properly denied because there remains a question as to whether Piliere took an action that "disadvantaged" plaintiff by accusing her of sabotaging the film to others who worked on it (see Harrington v City of New York, 157 AD3d 582, 585 [1st Dept 2018]).

Furthermore, the court properly denied summary judgment on plaintiff's gender discrimination claims, as she raised a triable issue of fact as to whether defendants' stated reason for terminating her from the third film — namely, her scheduling conflicts — were pretextual (see Crawford, 216 AD3d at 507; see also Mikesh v County of Ulster, 237 AD3d 1285, 1287-1288 [3d Dept 2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026