Averbeck v Culinary Inst. of Am. (2020 NY Slip Op 01139)





Averbeck v Culinary Inst. of Am.


2020 NY Slip Op 01139


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-04657
 (Index No. 552/14)

[*1]Clemens Averbeck, appellant,
v
Culinary Institute of America, respondent.


Sussman and Associates, Goshen, NY (Michael H. Sussman and Jonathan R. Goldman of counsel), for appellant.
Jackson Lewis P.C., White Plains, NY (Greg Riolo of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for employment discrimination on the basis of national origin in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated March 27, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, who was born and raised in Germany, was employed by the defendant, Culinary Institute of America, from November 2004 through May 2012, when the defendant terminated his employment as a member of its faculty. Thereafter, the plaintiff commenced this action, alleging that he was wrongfully terminated from employment on the basis of his national origin in violation of Executive Law § 296. The plaintiff alleged that one of his supervisors mocked his accent, and that he was terminated on grounds not generally applied to American professors.
The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion. The plaintiff appeals.
A plaintiff can establish a prima facie case of discrimination in employment by showing that: "(1) [he or] she is a member of a protected class; (2) [he or] she was qualified to hold the position; (3) [he or] she was terminated from employment . . . ; and (4) the discharge . . . occurred under circumstances giving rise to an inference of discrimination" (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305; see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 899-900). In moving for summary judgment, a defendant "need only establish, prima facie, the absence of any of these elements" of discrimination (see Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1159; Forrest v Jewish Guild for the Blind, 3 NY3d at 305). Regarding the fourth element, the defendant can demonstrate that the termination did not occur under circumstances giving rise to an inference of discrimination by providing a legitimate, nondiscriminatory reason for the termination, and demonstrating the absence of a material issue of fact as to whether its reason for termination was merely pretextual (see Forrest v Jewish Guild for the Blind, 3 NY3d at 305; Singh v Covenant Aviation Sec., LLC, 131 AD3d at 1159).
Here, the defendant satisfied its burden on its motion for summary judgment by [*2]establishing a legitimate, nondiscriminatory, and nonpretextual reason for terminating the plaintiff's employment. Specifically, it submitted evidence that it had been receiving student complaints about the plaintiff's demeaning and insulting behavior towards students for years, that it had disciplined and warned the plaintiff multiple times that he needed to improve on how he communicated with students, that it issued the plaintiff a final warning about his treatment of students, and that the plaintiff's employment was terminated following an investigation by an independent investigator, which occurred after the defendant received another complaint regarding the plaintiff's conduct. Thus, the burden shifted to the plaintiff to demonstrate the existence of a triable issue of fact as to whether the reason given for his termination was merely pretextual (see Singh v Covenant Aviation Sec., LLC, 131 AD3d at 1160).
The plaintiff failed to raise a triable issue of fact in this regard. The plaintiff failed to demonstrate how one colleague's insult about his nationality six years prior to his termination and how one supervisor's comments mocking his accent one year prior to his termination had any causal relationship with his termination following years of student complaints and warnings from the defendant (see Forrest v Jewish Guild for the Blind, 3 NY3d at 308; cf. Sandiford v City of N.Y. Dept. of Educ., 22 NY3d 914, 916). Further, the plaintiff failed to demonstrate that his termination was the result of disparate treatment due to his national origin. His colleagues were not similarly situated to him and their conduct was not comparable to his (see Ruiz v County of Rockland, 609 F3d 486, 493-494 [2d Cir]). Thus, the plaintiff failed to raise a triable issue of fact as to whether the reason proffered by the defendant was merely pretextual (see Forrest v Jewish Guild for the Blind, 3 NY3d at 305).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court