Diaz v Minhas Constr. Corp., LLC (2020 NY Slip Op 06496)





Diaz v Minhas Constr. Corp., LLC


2020 NY Slip Op 06496


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2019-11504
 (Index No. 500909/19)

[*1]Maritza Diaz, appellant, 
v
Minhas Construction Corp., LLC, et al., respondents.


Wigdor LLP, New York, NY (David E. Gottlieb and Julia L. Elmaleh-Sachs of counsel), for appellant.
Saiber LLC, New York, NY (Jennine DiSomma and Vincent C. Cirilli of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of gender in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated September 23, 2019. The order, insofar as appealed from, in effect, denied that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants to produce documents regarding other employees who engaged in conduct similar to the conduct for which the plaintiff's employment was terminated.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants to produce documents regarding other employees who engaged in conduct similar to the conduct for which the plaintiff's employment was terminated is granted to the extent of directing the defendants to produce documents for in camera inspection by the Supreme Court, covering the three-year period immediately preceding the termination of the plaintiff's employment, concerning employees who engaged in conduct similar to that for which the plaintiff's employment was terminated, and the matter is remitted to the Supreme Court, Kings County, for an in camera review and inspection of the records submitted by the defendants and to determine if any nonprivileged information is contained within the records, or any parts thereof, that is relevant and material to the plaintiff's prosecution of this action and, if so, for the entry of an order directing that such relevant and material nonprivileged information, if any, shall be produced to the plaintiff.
On or about October 24, 2018, the plaintiff was employed by the defendant Minhas Construction Corp., LLC (hereinafter Minhas), as a Safety Manager on a project involving the renovation of the Long Island Railroad Port Jefferson station. The defendant Irshad Rajpoot was the plaintiff's manager and the superintendent on the project. The plaintiff's employment was terminated on December 6, 2018, purportedly for habitual tardiness and other performance issues.
By summons and complaint dated January 14, 2019, the plaintiff commenced this [*2]action against Minhas and Rajpoot alleging, inter alia, that Rajpoot subjected her to sexual harassment throughout the course of her employment with Minhas and that her employment was terminated after weeks of rejecting his sexual advances. Issue was joined in late February 2019, and the parties exchanged various requests for discovery. In September 2019, the plaintiff moved pursuant to CPLR 3124 to compel the defendants to produce certain documents and information. The defendants opposed the motion and moved to compel the plaintiff to provide, inter alia, medical releases and past earnings and employment history. As relevant to this appeal, the Supreme Court, in deciding the plaintiff's motion, directed the defendants to produce information on any employee who had been terminated for substantially the same reasons as the plaintiff, and, in effect, denied that branch of the plaintiff's motion which was to compel the defendants to produce documents regarding other employees who engaged in conduct similar to the conduct for which the plaintiff was terminated. The plaintiff appeals.
"CPLR 3101(a)(1) provides that '[t]here shall be full disclosure of all matter material and necessary in the prosecution [and] defense of an action.' 'The words, "material and necessary," are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason'" (Mendives v Curcio, 174 AD3d 796, 797, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "'While discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse'" (Staten v City of New York, 90 AD3d 893, 894, quoting Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745).
"A plaintiff can establish a prima facie case of discrimination in employment by showing that '(1) [he or] she is a member of a protected class; (2) [he or] she was qualified to hold the position; (3) [he or] she was terminated from employment . . .; and (4) the discharge . . . occurred under circumstances giving rise to an inference of discrimination'" (Averbeck v Culinary Inst. of America, 180 AD3d 862, 862, quoting Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305). "'A showing of disparate treatment—that is, a showing that the employer treated plaintiff less favorably than a similarly situated employee outside [of] his protected group—is a recognized method of raising an inference of discrimination for purposes of making out a prima facie case'" (Hayes v Kerik, 414 F Supp 2d 193, 204 [ED NY] [footnote omitted], quoting Mandell v County of Suffolk, 316 F3d 368, 379 [2d Cir]). "Whether two employees are similarly situated ordinarily presents a question of fact for the jury" (Graham v Long Is. R.R., 230 F3d 34, 39 [2d Cir]). "When plaintiffs seek to draw inferences of discrimination by showing that they were similarly situated in all material respects to the individuals to whom they compare themselves, their circumstances need not be identical, but there should be a reasonably close resemblance of facts and circumstances" (Lizardo v Denny's, Inc., 270 F3d 94, 101 [2d Cir] [internal quotation marks omitted]; see Graham v Long Is. R.R., 230 F3d at 40). The key is that they be "similar in significant respects" (Lizardo v Denny's, Inc., 270 F3d at 101).
Since the plaintiff alleges disparate treatment and seeks to raise an inference of discrimination, she is entitled to discovery of documents regarding other employees who engaged in conduct similar to that for which she was terminated, as such documents may indicate that some or all of those employees were not terminated and may have been disciplined less severely or not at all. As such, the Supreme Court improvidently exercised its discretion in limiting the plaintiff's discovery to only those employees who had actually been terminated for substantially the same reason as the plaintiff.
In the exercise of this Court's discretion, and mindful of the fact that records concerning employees may contain privileged and/or sensitive information of a highly personal nature, the defendant is directed to submit documents covering the three-year period immediately preceding the termination of the plaintiff's employment to the Supreme Court for an in camera review and inspection and for a determination whether all or parts of the records produced by the defendants contain unprivileged matter and are material and relevant to the issues placed in controversy by the plaintiff (see Mullen v Wishner, 172 AD3d 1386; Schindler v City of New York, [*3]134 AD3d 1013).
DILLON, J.P., COHEN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court