Owens v. Centene Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Emell Owens,

*Plaintiff-Appellant*,

v.                                                                          No. 22-2765

Centene Corporation, Centene Management
Company, LLC,

*Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**          ROOSEVELT THEODORE SEYMORE, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**          WENDY J. MELLK, Jackson Lewis P.C., New York, NY.

1

Appeal from an order and a judgment of the United States District Court for the Eastern District of New York (Komitee, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Emell Owens appeals from the district court's September 30, 2022 award of summary judgment on her claims for "perceived marital and/or partnership" discrimination, in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 8-134, in favor of Defendants-Appellees Centene Corporation and Centene Management Company, LLC (together, "Defendants"). Appellant's Br. at 8. Defendants claim that they terminated Owens for lying about sharing a child with James Johnson, a coworker in her reporting line, during two investigations into allegations of favoritism of Johnson by Owens. Owens then sued. The district court ruled that Owens failed to submit evidence sufficient to preclude summary judgment on her claims. We agree. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

## DISCUSSION

We review a district court's award of summary judgment de novo, viewing all evidence in the light most favorable to the nonmovant. *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 98 (2d Cir. 2003). We affirm only if the record shows no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* To defeat a motion for summary judgment, "the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial." *Id.* at 99. We have "discretion to affirm a district court's

2

grant of summary judgment on any ground appearing in the record." *Deep Woods Holdings, L.L.C. v. Sav. Deposit Ins. Fund of Republic of Turk.*, 745 F.3d 619, 623 (2d Cir. 2014).

Under the NYCHRL, an employer and its agents are prohibited from taking certain actions against an employee based on an employee's "actual or perceived . . . marital status [or] partnership status."[1]  N.Y.C. Admin. Code § 8-107(1)(a).  "For a NYCHRL claim to survive summary judgment, the plaintiff need only show that her employer treated her 'less well than other employees,' at least in part for a discriminatory reason." *Williams v. N.Y.C. Hous. Auth.*, 61 F.4th 55, 69 (2d Cir. 2023) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013)).  Under this standard, "[t]he employer may present evidence of its legitimate, non-discriminatory motives to show the conduct was not caused by discrimination, but it is entitled to summary judgment on this basis only if the record establishes as a matter of law that 'discrimination play[ed] *no* role' in its actions." *Mihalik*, 715 F.3d at 110 n.8 (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 38, 40 n. 27 (1st Dep't 2009)).

## I.     Termination Claim

Because Owens does not dispute that Defendants proffered a legitimate, nondiscriminatory reason for her termination—namely, that she lied during two investigations into her conduct—the issue before us is whether Owens presented evidence from which a reasonable jury could conclude that discrimination on the basis of perceived marital or partnership status played a role in Defendants' decision to terminate Owens. *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 76 (2d Cir. 2015)

---

[1] We assume without deciding that, as Owens asserts, the NYCHRL's prohibition against discrimination based on an employee's perceived marital or partnership status extends to perceived romantic relationships.  The New York Court of Appeals has not yet addressed this issue.

We conclude that she has not. The undisputed record shows that Owens was terminated because Defendants believed that she lied to investigators when asked whether she shared a child with Johnson. The human resources representative responsible for terminating Owens testified that he read the reports, which asserted that Owens denied sharing a child with Johnson in response to direct questioning; spoke to the authors of the reports, who confirmed the same; and concluded that Owens lied during the investigations. Owens does not dispute that the human resources representative believed the reports or the statements of the investigators. Instead, she disputes the accuracy of the reports. Owens contends that her testimony—that she was not asked during either investigation whether she shared a child with Johnson—contradicts the reports and evinces Defendants' discriminatory motive. While the district court erred in failing to credit this testimony, *see Kessler v. Westchester Cnty. Dept's of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006), it does not show that discrimination played a role in her termination, as it only shows that the reports, upon which the human resources representative relied, might not have correctly memorialized the interviews. *See Melman v. Montefiore Med. Ctr.*, 946 N.Y.S.2d 27, 35 (1st Dep't 2012); *see also McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) ("In a discrimination case . . . we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what *motivated* the employer . . . ." (internal quotation marks omitted)). Accordingly, Owens's discrimination claim fails.

## II.      Hostile Work Environment Claim

To succeed on a hostile work environment claim under the NYCHRL, Owens must demonstrate that she was "treated less well than other employees because of the relevant [protected] characteristic." *Golston-Green v. City of New York*, 123 N.Y.S.3d 656, 670 (2d Dep't 2020) (quoting *Nelson v. HSBC Bank USA*, 929 N.Y.S.2d 259, 264 (2d Dep't 2011)). We conclude

4

that she does not. To support her hostile work environment claim, Owens contends that she experienced "abusive treatment by coworkers." Appellant's Br. at 17. She points to an incident where a coworker threatened her over text message and three incidents where coworkers alleged that Owens engaged in favoritism. Owens does not, however, offer any evidence from which a reasonable jury could infer that these incidents were based on her perceived marital or partnership status. Indeed, Owens testified that she believed her coworkers' behavior was motivated by dissatisfaction with internal restructuring decisions and anger at Owens for reprimanding them for poor performance. Because Owens herself concedes that her coworkers' conduct was not motivated by her perceived marital or partnership status, her hostile work environment claim fails. *See Reichman v. City of New York*, 117 N.Y.S.3d 280, 285–86 (2d Dep't 2020) (holding that "defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging the existence of a hostile work environment" because plaintiff did not demonstrate that he was "treated less well than other employees because of his [protected characteristic]").

\* \* \*

We have considered all of Owens's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order and judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court