Castro v City Univ. of N.Y. (2025 NY Slip Op 03175)

Castro v City Univ. of N.Y.

2025 NY Slip Op 03175

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2021-00321
 (Index No. 506725/15)

[*1]Jose Castro, appellant,
v
City University of New York, respondent.

Law Office of Patricia Lynn DeSalvo, P.C., New York, NY, for appellant.
Letitia James, Attorney General, New York, NY (Grace X. Zhou and Anisha S. Dasgupta of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of religion and national origin and unlawful retaliation in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated December 30, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
From February 14, 2014, until October 8, 2014, the plaintiff was employed by the defendant City University of New York (hereinafter CUNY) as a peace officer on the campus of the defendant's New York City College of Technology, during a one-year probationary period. The plaintiff commenced this action against CUNY in June 2015, inter alia, to recover damages for employment discrimination. The complaint alleged that the plaintiff suffered discrimination on the basis of "race, age, national origin, religion and hostile work environment" in violation of Executive Law § 296(1) and unlawful retaliation in violation of Executive Law § 296(7). According to the complaint, the plaintiff is of Puerto Rican descent, over 40 years old, and a practicing Christian.
Pursuant to the New York State Human Rights Law (Executive Law article 15) (hereinafter NYSHRL), it is an "unlawful discriminatory practice" for an employer, "because of an individual's age, race, creed, color, national origin, [or] sex . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment" (id. § 296[1][a]). "A plaintiff alleging discrimination in violation of NYSHRL must establish that (1) he or she is a member of a protected class, (2) he or she was qualified to hold the position, (3) he or she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination" (Reichman v City of New York, 179 AD3d 1115, 1116-1117; see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313; Chiara v Town of New Castle, 126 AD3d 111, 119).
"A plaintiff may raise such an inference by showing that the employer subjected him [or her] to disparate treatment, that is, treated him [or her] less favorably than a similarly situated [*2]employee outside his [or her] protected group" (Graham v Long Is. R.R., 230 F3d 34, 39 [2d Cir]). "'When plaintiffs seek to draw inferences of discrimination by showing that they were similarly situated in all material respects to the individuals to whom they compare themselves, their circumstances need not be identical, but there should be a reasonably close resemblance of facts and circumstances'" (Diaz v Minhas Constr. Corp., LLC, 188 AD3d 812, 814, quoting Lizardo v Denny's, Inc., 270 F3d 94, 101 [2d Cir]; see Graham v Long Is. R.R., 230 F3d at 40). "The key is that they be 'similar in significant respects'" (Diaz v Minhas Constr. Corp., LLC, 188 AD3d at 814, quoting Lizardo v Denny's, Inc., 270 F3d at 101).
"To prevail on a summary judgment motion in an action alleging discrimination in violation of NYSHRL, 'a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for the challenged actions, the absence of a triable issue of fact as to whether the explanations were pretextual'" (Reichman v City of New York, 179 AD3d at 1117, quoting Langton v Warwick Val. Cent. Sch. Dist., 144 AD3d 867, 869).
Here, in moving for summary judgment dismissing the employment discrimination cause of action, the defendant argued the absence of the fourth element: the discharge occurred under circumstances giving rise to an inference of discrimination (see id. at 1116). "Regarding the fourth element, the defendant can demonstrate that the termination did not occur under circumstances giving rise to an inference of discrimination by providing a legitimate, nondiscriminatory reason for the termination, and demonstrating the absence of a material issue of fact as to whether its reason for termination was merely pretextual" (Averbeck v Culinary Inst. of Am., 180 AD3d 862, 862; see Forrest v Jewish Guild for the Blind, 3 NY3d at 305). "[I]t matters not whether the [employer]'s stated reason for terminating plaintiff was a good reason, a bad reason, or a petty one. What matters is that the [employer]'s stated reason for terminating plaintiff was nondiscriminatory" (Forrest v Jewish Guild for the Blind, 3 NY3d at 308 n 5; see Melman v Montefiore Med. Ctr., 98 AD3d 107, 121).
Here, the defendant met its prima facie burden by offering legitimate, nondiscriminatory reasons for the plaintiff's termination and by demonstrating the absence of material issues of fact as to whether its explanations were pretextual (see Forrest v Jewish Guild for the Blind, 3 NY3d at 305). In opposition, the plaintiff failed to raise a triable issue of fact regarding pretext for discrimination (see Grella v St. Francis Hosp., 149 AD3d 1046, 1047-1049).
In addition, the defendant met its burden of demonstrating that the plaintiff could not make out a prima facie case of retaliation (see Executive Law § 296[7]) by establishing that the plaintiff's complaint about his superior did not relate to discriminatory practices prohibited under the NYSHRL and that the plaintiff therefore did not engage in a protected activity (see Diluglio v Liberty Mut. Group, Inc., 230 AD3d 643, 645-646).
The defendant established, prima facie, its entitlement to judgment as a matter of law dismissing the cause of action alleging a hostile work environment (see Chiara v Town of New Castle, 126 AD3d at 125-126). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the remarks made by the plaintiff's supervisor and coworkers constituted discriminatory behavior sufficiently severe or pervasive enough to interfere with his work (see Reichman v City of New York, 179 AD3d 1118-1119; Chiara v Town of New Castle, 126 AD3d at 125-126).
The plaintiff's remaining contentions are without merit (see Executive Law § 296[10][a]).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (see Reichman v City of New York, 179 AD3d at 1116-1117).
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court