H.M. v Roman Catholic Diocese of Brooklyn (2025 NY Slip Op 05232)

H.M. v Roman Catholic Diocese of Brooklyn

2025 NY Slip Op 05232

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-10696
2024-10698
 (Index No. 512979/21)

[*1]H.M., respondent, 
v
Roman Catholic Diocese of Brooklyn, appellant, et al., defendant.

Peknic, Peknic & Schaefer, PLLC, Long Beach, NY (Charles M. Peknic of counsel), for appellant.
Herman Law, P.A., New York, NY (Stuart S. Mermelstein, Jeffrey Herman, Kyle Schiedo, and Vanessa Neal of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Roman Catholic Diocese of Brooklyn appeals from (1) an order of the Supreme Court, Kings County (Sabrina B. Kraus, J.), dated August 12, 2024, and (2) an order of the same court dated October 10, 2024. The order dated August 12, 2024, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendant Roman Catholic Diocese of Brooklyn to produce certain documents to the extent of directing an in camera review of the documents. The order dated October 10, 2024, insofar as appealed from, after an in camera inspection, granted that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendant Roman Catholic Diocese of Brooklyn to produce certain documents and, in effect, denied that branch of that defendant's cross-motion which was pursuant to CPLR 3103(a) for a protective order.
ORDERED that on the Court's own motion, the notice of appeal from the order dated August 12, 2024, is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (see CPLR 5701[c]; Roswell v County of Suffolk, 237 AD3d 767, 767); and it is further,
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendant Roman Catholic Diocese of Brooklyn (hereinafter the Diocese) and another defendant to recover damages for personal injuries. The plaintiff alleged he sustained personal injuries in connection with sexual abuse perpetrated upon him in 1991, when he was a child, by a nonparty priest (hereinafter the subject employee) while the subject employee was employed by the Diocese. As a part of discovery, the Diocese produced, inter alia, a redacted copy of the subject employee's clergy file and a privilege log. The plaintiff thereafter moved, among other things, pursuant to CPLR 3124 to compel the Diocese to produce certain documents, without redaction. The Diocese cross-moved, inter alia, pursuant to CPLR 3103(a) for a protective order. In an order dated August 12, 2024, the Supreme Court, among other things, granted that branch of [*2]the plaintiff's motion to the extent of directing an in camera inspection of the documents. In an order dated October 10, 2024, after the in camera inspection, the court, inter alia, granted that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the Diocese to produce the documents and, in effect, denied that branch of the Diocese's cross-motion which was pursuant to CPLR 3103(a) for a protective order. The Diocese appeals from both orders.
As an initial matter, no appeal lies as of right from an order directing an in camera inspection of materials claimed to be privileged in aid of determining a motion to compel discovery because it does not affect a substantial right (see id. § 5701[a][2][v]; Roswell v County of Suffolk, 237 AD3d 767, 768). We deem it appropriate to grant leave to appeal.
Pursuant to CPLR 3101(a) "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action by agents of a party to litigation" (Ferrick v Diocese of Brooklyn, 239 AD3d 600, 601 [internal quotation marks omitted]; see CPLR 3101; Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376). "Materiality and necessity must be interpreted liberally to require disclosure . . . of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Ferrick v Diocese of Brooklyn, 239 AD3d at 601 [internal quotation marks omitted]; see Lurie v Lurie, 226 AD3d 992, 995). "[A]ny matter which may lead to the discovery of admissible proof is discoverable, as is any matter which bears upon a defense, even if the facts themselves are not admissible" (Holloway v Orthodox Church in Am., 232 AD3d 773, 774 [internal quotation marks omitted]; see Cajamarca v Osatuk, 163 AD3d 619, 620). "The test is one of usefulness and reason" (Holloway v Orthodox Church in Am., 232 AD3d at 774 [internal quotation marks omitted]; see Diaz v Minhas Constr. Corp., LLC, 188 AD3d 812, 813). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (Holloway v Orthodox Church in Am., 232 AD3d at 774 [internal quotation marks omitted]; see Pulgarin v Richmond, 219 AD3d 1356, 1358). "Personnel records generally are discoverable where . . . a plaintiff alleges a cause of action to recover damages for negligent hiring, retention, or supervision" (Holloway v Orthodox Church in Am., 232 AD3d at 774; see Blanco v County of Suffolk, 51 AD3d 700, 701-702).
Here, the Supreme Court providently exercised its discretion in directing the Diocese to produce the clergy file for in camera review, and, upon reviewing the file in camera, providently exercised its discretion in determining that the disputed items were material and necessary to the plaintiff's case (see Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 931, 934). Contrary to the Diocese's contention, identified portions of the clergy file were not subject to redaction based on protections afforded to religious institutions under the First Amendment of the United States Constitution (see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286; S.E. v Diocese of Brooklyn, 240 AD3d 741, 743). The documents were not sought to evaluate or resolve an internal religious dispute but, instead, to demonstrate, inter alia, the Diocese's pattern of conduct in response to allegations of sexual abuse against minors (see S.E. v Diocese of Brooklyn, 240 AD3d at 743; Holloway v Orthodox Church in Am., 232 AD3d at 774-775).
Additionally, the Supreme Court properly determined that identified portions of the clergy file were not subject to redaction based on CPLR 4505, the "priest-penitent" privilege, as the Diocese failed to establish that such documents were related to a communication that the subject employee "made in confidence and for the purpose of obtaining spiritual guidance" (People v Carmona, 82 NY2d 603, 609; see S.E. v Diocese of Brooklyn, 240 AD3d at 743). Likewise, the disputed portions of the clergy file were not subject to redaction pursuant to CPLR 4504, the physician-patient privilege, and CPLR 4507, the client-psychologist privilege (see S.E. v Diocese of Brooklyn, 240 AD3d at 743-744; Matter of Farrow v Allen, 194 AD2d 40, 44). Further, the disputed portions of the clergy file were not subject to redaction pursuant to the attorney-client privilege or the attorney work product doctrine (see Coads v Nassau County, 231 AD3d 902, 904-906; Cioffi v S.M. Foods, Inc., 142 AD3d 520, 522).
The Supreme Court also providently exercised its discretion in concluding that the Diocese must produce certain documents relating to its investigation of allegations against the [*3]subject employee that postdated his alleged abuse of the plaintiff. The plaintiff established that discovery of those documents was material and necessary to the prosecution of this action, including to establish whether the Diocese engaged in negligent hiring, retention, or supervision (see C.T. v Diocese of Brooklyn, 239 AD3d 784, 786; Holloway v Orthodox Church in Am., 232 AD3d at 774-775).
DUFFY, J.P., MILLER, LANDICINO and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court