Black v Archdiocese of N.Y. (2026 NY Slip Op 01483)

Black v Archdiocese of N.Y.

2026 NY Slip Op 01483

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2025-05814
 (Index No. 900141/20)

[*1]Joseph Black, respondent, 
vArchdiocese of New York, appellant, et al., defendants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for appellant.
Dell & Dean, PLLC (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Christen Giannaros], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Archdiocese of New York appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered May 13, 2025. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendant Archdiocese of New York to produce certain documents and denied that defendant's cross-motion pursuant to CPLR 3103(a) for a protective order.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging that he was sexually abused from approximately 1973 to 1974 by Father Eugene V. Mangan and from approximately 1975 to 1976 by the defendant Peter Munda, while Mangan and Munda were employed by the defendants Archdiocese of New York (hereinafter the Archdiocese) and Mission of the Immaculate Virgin for the Protection of Homeless and Destitute Children, also known as Mount Loretto (hereinafter Mount Loretto), a predecessor of the defendant Catholic Charities of Staten Island. Mangan died in 1997. The complaint asserted causes of action, inter alia, alleging negligent supervision and retention of an employee. On December 2, 2024, the plaintiff served on the Archdiocese a demand for the production of all documents concerning sexual abuse perpetrated at Mount Loretto by persons other than Mangan prior to the alleged abuse of the plaintiff (hereinafter the discovery demand). The plaintiff moved, among other things, pursuant to CPLR 3124 to compel the Archdiocese to produce the documents sought in the discovery demand, and the Archdiocese cross-moved pursuant to CPLR 3103(a) for a protective order striking the discovery demand. In an order entered May 13, 2025, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and denied the Archdiocese's cross-motion. The Archdiocese appeals.
Generally, "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" by agents of a party to litigation (id. § 3101[a]; see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376). "'Any matter which may lead to the discovery of admissible proof is discoverable, as is any matter which bears upon a defense, even if the facts themselves are not admissible'" (Holloway v Orthodox Church in Am., 232 AD3d 773, 774, quoting [*2]Cajamarca v Osatuk, 163 AD3d 619, 620). "'The test is one of usefulness and reason'" (S.E. v Diocese of Brooklyn, 240 AD3d 741, 743, quoting Diaz v Minhas Constr. Corp., LLC, 188 AD3d 812, 813). "The supervision of discovery, and the setting of reasonable terms and conditions for its disclosure, are matters within the sound discretion of the trial court" (John v New York City Tr. Auth., 242 AD3d 718, 719-720 [internal quotation marks omitted]; see Holloway v Orthodox Church in Am., 232 AD3d at 774). "Personnel records generally are discoverable where . . . a plaintiff alleges a cause of action to recover damages for negligent hiring, retention, or supervision" (Holloway v Orthodox Church in Am., 232 AD3d at 774; see H.M. v Roman Catholic Diocese of Brooklyn, 242 AD3d 735, 736).
Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the Archdiocese to produce the documents sought in the discovery demand and in denying the Archdiocese's cross-motion pursuant to CPLR 3103(a) for a protective order striking the discovery demand. The plaintiff demonstrated that discovery of those documents was material and necessary to the prosecution of this action, including to establish whether the Archdiocese engaged in negligent supervision or retention of Mangan or Munda (see Maida v Diocese of Brooklyn, ___ AD3d ___, 2025 NY Slip Op 06314; C.T. v Diocese of Brooklyn, 239 AD3d 784, 786; Holloway v Orthodox Church in Am., 232 AD3d at 774).
GENOVESI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court