Griffith v MetroPlus Health Plan, Inc.
2026 NY Slip Op 03949
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Chantice Griffith, appellant,
v
MetroPlus Health Plan, Inc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-07378, (Index No. 505258/17)
Betsy Barros, J.P.
Linda Christopher
Carl J. Landicino
Laurence L. Love, JJ.

Umoh Law Firm, PLLC, New York, NY (Uwem Umoh of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Jamison Davies and Amy McCamphill of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of race and unlawful retaliation in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated May 16, 2023. The order granted the defendants' motion for summary judgment dismissing the causes of action alleging employment discrimination on the basis of race and unlawful retaliation.
ORDERED that the order is affirmed, with costs.
In or about January 2014, the plaintiff, who began working for the defendant MetroPlus Health Plan, Inc. (hereinafter MetroPlus), in 2012, was promoted to the position of Associate Executive Director of Clinical Operations and was entrusted with the "[d]irect oversight" of MetroPlus's management long term care (hereinafter MLTC) program. The defendant Meryl Weinberg became the plaintiff's direct supervisor in or about July 2014. In or about April 2016, the defendant Talya Schwartz became the Chief Medical Officer with supervisory duties over Weinberg and the plaintiff. MetroPlus is a subsidiary of the defendant New York City Health & Hospitals Corporation.
In January 2016, upon an audit of claims submitted by MetroPlus's MLTC to the Medicaid program in New York State, the New York State Office of the Medical Inspector General (hereinafter OMIG) identified certain payments to MetroPlus between 2012 and 2016, which allegedly were not utilized for the benefit of enrollees. This resulted in MetroPlus agreeing to make a substantial reimbursement to Medicaid pursuant to a settlement agreement. Following the OMIG audit, in May 2016, the plaintiff's employment was terminated.
In March 2017, the plaintiff commenced this action against the defendants, inter alia, to recover damages for employment discrimination on the basis of race and unlawful retaliation in violation of the New York State Human Rights Law (NYSHRL) (Executive Law § 296) and the New York City Human Rights Law (NYCHRL) (Administrative Code of the City of New York § 8-107). The defendants moved for summary judgment dismissing those causes of action. In an order dated May 16, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The NYSHRL and the NYCHRL prohibit discrimination in employment on the basis of race and retaliation against an employee for opposing discriminatory practices (see Executive Law § 296[1], [7]; Administrative Code § 8-107[1], [7]; Ellison v Chartis Claims, Inc., 178 AD3d 665, 666). "A plaintiff alleging discrimination in violation of NYSHRL must establish that (1) he or she is a member of a protected class, (2) he or she was qualified to hold the position, (3) he or she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination" (Castro v City Univ. of N.Y., 238 AD3d 1106, 1107 [internal quotation marks omitted]; see Ayers v Bloomberg, L.P., 203 AD3d 872, 874). "To prevail on a summary judgment motion in an action alleging discrimination in violation of the NYSHRL, a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for the challenged actions, the absence of a triable issue of fact as to whether the explanations were pretextual" (Blackman v Metropolitan Tr. Auth., 206 AD3d 602, 604 [internal quotation marks omitted]; see Averbeck v Culinary Inst. of Am., 180 AD3d 862, 862).
Here, the defendants met their prima facie burden by offering legitimate, nondiscriminatory reasons for the termination of plaintiff's employment and by demonstrating the absence of triable issues of fact as to whether their explanations were pretextual (see Castro v City Univ. of N.Y., 238 AD3d at 1108; Averbeck v Culinary Inst. of Am., 180 AD3d at 863). Namely, the defendants established that the plaintiff was terminated from her position due to the results of the OMIG audit and the plaintiff's subsequent failure to produce an adequate analysis of the audit's findings. In opposition, the plaintiff failed to raise a triable issue of fact regarding pretext for discrimination (see Niemotko v Mount St. Mary Coll., 241 AD3d 701, 702; Castro v City Univ. of N.Y., 238 AD3d at 1108). Namely, a comparator identified by the plaintiff and the employee who was appointed to the plaintiff's former position did not give rise to an inference that there was any racially discriminatory motivation (see Averbeck v Culinary Inst. of Am., 180 AD3d at 863).
"In order to prevail on a claim of discrimination under the NYCHRL, a plaintiff must prove that unlawful discrimination was one of the motivating factors of the complained-of conduct" (Reichman v City of New York, 179 AD3d 1115, 1117; see Wright v White Plains Hosp. Med. Ctr., 237 AD3d 1143, 1145). "[A] defendant's motion for summary judgment must be analyzed under both the familiar framework of McDonnell Douglas Corp. v Green (411 US 792) and under the newer mixed-motive framework, which imposes a lesser burden on a plaintiff opposing such a motion" (Wright v White Plains Hosp. Med. Ctr., 237 AD3d at 1145). "Summary judgment dismissing a claim under the NYCHRL should be granted only if no jury could find [the] defendant liable under any of the evidentiary routes—McDonnell Douglas, mixed motive, direct evidence, or some combination thereof" (Sanderson-Burgess v City of New York, 173 AD3d 1233, 1235; see Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1002). "A plaintiff may defeat summary judgment by coming forward either with evidence that the defendant's stated reasons were a pretext for discrimination or with evidence that discrimination was one of the motivating factors for the defendant's conduct" (Ellison v Chartis Claims, Inc., 178 AD3d at 668; see Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1160).
Here, although the Supreme Court failed to analyze the defendants' motion for summary judgment under the "mixed motive" framework, summary judgment dismissing the plaintiff's racial discrimination claim was nonetheless warranted (see Persaud v Walgreens Co., 161 AD3d 1019, 1020; Clark v Morelli Ratner PC, 73 AD3d 591, 591). The defendants made a prima facie showing that there is no evidentiary route that could allow a jury to believe that discrimination played a role in their challenged action (see Blackman v Metropolitan Tr. Auth., 206 AD3d at 604; Ellison v Chartis Claims, Inc., 178 AD3d at 669). In opposition, the plaintiff failed to raise a triable issue of fact (see Reichman v City of New York, 179 AD3d at 1118; Bull v Metropolitan Jewish Health Sys., Inc., 152 AD3d 639, 641). Contrary to the plaintiff's contention, the record reveals that she was not treated differently than a similarly situated comparator (see Golston-Green v City of New York, 184 AD3d 24, 40). The plaintiff offered nothing but speculation that the decision to terminate her employment was motivated, even in part, by unlawful discrimination, which is insufficient to defeat summary judgment dismissing the plaintiff's causes of action (see Reichman v City of New York, 179 AD3d at 1118; Ellison v Chartis Claims, Inc., 178 AD3d at 669).
"To establish a prima facie case of retaliation under the NYSHRL, a plaintiff must show that (1) the plaintiff has engaged in protected activity, (2) the employer was aware that the plaintiff participated in such activity, (3) the plaintiff suffered an adverse employment action based upon the activity, and (4) there is a causal connection between the protected activity and the adverse action" (Ellison v Chartis Claims, Inc., 178 AD3d at 667; see Diluglio v Liberty Mut. Group, Inc., 230 AD3d 643, 645). "An employee engages in a protected activity by opposing or complaining about unlawful discrimination" (Diluglio v Liberty Mut. Group, Inc., 230 AD3d at 645 [internal quotation marks omitted]; see Brunache v MV Transp., Inc., 151 AD3d 1011, 1014). "Under the NYCHRL, the test is similar, except that the plaintiff need not establish an adverse action; rather, the plaintiff must show only that the defendant took an action that disadvantaged him or her" (Makharadze v Ognibene, 239 AD3d 844, 847). "To establish its entitlement to summary judgment in a retaliation case [under either the NYSHRL or the NYCHRL], a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (Bilitch v New York City Health & Hosps. Corp., 194 AD3d at 1004; see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-314). "The plaintiff must either counter the defendant's evidence by producing evidence that the reasons put forth by the defendant were merely a pretext, or show that, regardless of any legitimate motivations the defendant may have had, the defendant was motivated at least in part by an impermissible motive" (Brightman v Prison Health Serv., Inc., 108 AD3d 739, 741; see Bilitch v New York City Health & Hosps. Corp., 194 AD3d at 1005).
Here, the defendants demonstrated, prima facie, that the plaintiff could not make out a prima facie case of retaliation. The plaintiff's complaint about the size of her office space did not relate to discriminatory practices prohibited under either the NYSHRL or the NYCHRL, and the plaintiff therefore did not engage in a protected activity (see Castro v City Univ. of N.Y., 238 AD3d at 1108-1109; Diluglio v Liberty Mut. Group, Inc., 230 AD3d at 645). In opposition, the plaintiff failed to raise a triable issue of fact (see Diluglio v Liberty Mut. Group, Inc., 230 AD3d at 646; Cenzon-Decarlo v Mount Sinai Hosp., 101 AD3d 924, 927).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the causes of action alleging employment discrimination on the basis of race and unlawful retaliation.
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court